UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXLON CHARLES,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

Plaintiff,

v.

PINNACLE TOO, LLC,
  d/b/a PINNACLE ELECTRIC,
AGIR ELECTRICAL, LTD.,
   d/b/a PINNACLE ELECTRIC,
FRANKCRUM 6, INC.,
   d/b/a FRANKCRUM,
FRANK CRUM JR., and
ANTONY GIRONTA

Defendants.

Case No.: 1:22-cv-04232

**DECLARATION OF JOHN K. DIVINEY, ESQ. IN SUPPORT OF RIVKIN RADLER LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

I, John K. Diviney, Esq., pursuant to 28 U.S.C. § 1746, declares the following:

1. I am a Partner of Rivkin Radler LLP ("Rivkin Radler"), attorneys for Defendants Pinnacle Too, LLC, Agir Electrical Ltd., FrankCrum 6, Inc., Frank Crum Jr., and Antony Gironta (collectively "Defendants").

2. I am fully familiar with the facts stated here and make this Declaration in support of Rivkin Radler's motion to withdraw as counsel for Defendants.

3. Rivkin Radler was retained by Defendants in or about July 2022.

4. To date, none of Rivkin Radler's attorneys' fees have been paid. Rivkin Radler has expended considerable time on this case. Rivkin Radler has, among other things, (1) drafted and filed an answer to the complaint; (2) negotiated a collective action stipulation notice; (3) prepared

1

a potential list of class members; (4) served written interrogatories and document demands; and (5) served written responses and objections to Plaintiff's document demands.

5. In addition, Rivkin Radler's requests for documentation and information have not been met with cooperation.

6. If necessary, I will address these issues in more detail, *in camera*, to protect attorney-client privilege.

7. In determining whether to grant a motion to withdraw under Local Rule 1.4, courts in this District "look to New York Rules of Professional Conduct for guidance . . . ." *City Merchandise Inc. v. Tian Tian Trading Inc.*, No. 19-cv-09649, 2021 WL 119075 at *1, *5 (S.D.N.Y. 2021) (internal quotations and citations omitted).

8. "[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *de Jesus Rosario v. Mis Hijos Deli Corp.,* 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020)(quoting *Milltex Group Inc. v. Gossard & Berlei Ltd.*, 15-CV-10002 (RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)). New York Rule of Professional Conduct 1.16(c)(5) also allows an attorney to withdraw representation if "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

9. New York Rule of Professional Conduct 1.16(c)(7) also allows an attorney to withdraw from its representation if "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." *See* N.Y. RPC 1.16(c)(7). Further, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively. . . . Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable

conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (internal citations and quotations omitted).

10. No prejudice to any party will result from Rivkin Radler's withdrawal as counsel. This request does not affect any court deadlines or court appearances in this case, nor will it significantly delay the case. No depositions have been taken. Fact discovery is not set to end until June 30, 2023 and no trial date has been set.

11. Rivkin Radler is not asserting a retaining lien. Rivkin Radler is asserting a charging lien.

12. Rivkin Radler promises to cooperate in the transition to new counsel.

13. Rivkin Radler respectfully requests that the Court issue an order (1) allowing Rivkin Radler to withdraw as counsel of record for Defendants; (2) staying the case for thirty (30) days following the entry of such order so Defendants may retain new counsel; and (3) granting such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:   Uniondale, New York
         January 9, 2023

                                               By:   /s/ *John K. Diviney*
                                                     John K. Diviney

3