

June 9, 2023

Simi Bhutani
77 Water Street, Suite 2100
New York, New York 10005
Simi.Bhutani@lewisbrisbois.com
Direct: 646.783.1708

File No. 54268.03

**Via ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> The Court agrees that the parties can and should be able to resolve their issues without the need for Court intervention. Accordingly, Plaintiffs' letter-motion is DENIED. The Court expects counsel to do better going forward to work through their differences in good faith. The Court also cautions that the parties should not expect an extension of the October 16, 2023 discovery deadline based on settlement efforts alone. Put differently, as the Case Management Plan notes, the parties must conduct discovery and discuss settlement on parallel tracks. The Clerk of Court is directed to terminate ECF No. 54.
>
> SO ORDERED.
> *[signature]*
> June 12, 2023

RE:   **Charles v. Pinnacle Too, LLC, et al.**
      **No. 22-CV-4232 (JMF)**

Dear Judge Furman:

    We represent Defendants Pinnacle Too, LLC, Agir Electrical, LTD, and Antony Gironta (collectively, the "Pinnacle Defendants") in the above-referenced matter. On behalf of the Pinnacle Defendants and Defendants FrankCrum 6, Inc. and Frank Crum, Jr. (the "Frank Crum Defendants") (together with the Pinnacle Defendants, "Defendants"), we respectfully write pursuant to Rule 3(E) of the Court's Individual Rules and Practices in Civil Cases to respond to Plaintiff's June 6, 2023 letter (Dkt. No. 54). Plaintiff has once again prematurely requested the Court's intervention regarding a discovery issue that the parties are actively trying to resolve amongst themselves. In doing so, Plaintiff has misconstrued the parties' efforts to schedule a mediation and meet and confer in this matter. As such, the Court should deny Plaintiff's request for a pre-motion discovery conference as it is premature and unfounded.

    As a brief summary, the parties have been working towards scheduling a private mediation and discussing the production of a sampling of wage records for a subset of the 100-plaintiff collective. Specifically, in connection with those discussions, Plaintiff proposed that Defendants produce records for 30 opt-in plaintiffs that Plaintiff unilaterally selects. Defendants, in contrast, have proposed (i) producing records for 15 opt-in plaintiffs to be randomly selected; or (ii) alternatively, that each side select seven to eight plaintiffs each for whom records would be produced.

    Regarding mediation, the parties conferred and have worked together to select an agreed-upon mediator. In light of the mediator's availability, Plaintiff proposed August 23 and 30, 2023 as potential mediation dates. On May 31, 2023, the Frank Crum Defendants advised that they had conflicts with those dates, and proposed soliciting the mediator's availability in September 2023. In response, the Pinnacle Defendants advised, that same day, that they were available in September

Hon. Jesse M. Furman
June 9, 2023
Page 2

except from September 10-18, 2023, and also proposed that the parties enlist the help of the mediator to resolve the issue regarding the sampling of discovery. Plaintiff, apparently dissatisfied with such response, reneged his agreement to mediate and unreasonably demanded discovery for all 100 opt-in plaintiffs within 30 days, with depositions to take place in July.

The next day, on June 1, 2023, the Pinnacle Defendants as well as the Frank Crum Defendants reiterated to Plaintiff the benefits of proceeding with a sampling of discovery, and noted that Plaintiff's insistence that Defendants produce discovery for all 100 plaintiffs prior to any mediation would effectively eviscerate the purpose of the mediation from Defendants' perspective. Nonetheless, the Pinnacle Defendants advised that, since Plaintiff had made a substantive change in his position and was apparently no longer willing to accept a sampling of discovery prior to mediation, or even engage in the mediation itself, they would need to consider Plaintiff's demand, and would provide a date on which they could produce the requested discovery the following week, since the undersigned was traveling the next day (Friday, June 2).

Plaintiff then unilaterally demanded that the Pinnacle Defendants commit to a production date for the records on Monday, June 5, the next business day. The undersigned immediately responded that she would do so if she were able to confer with her client on Monday, but if not, would do so during the week. Despite this, Plaintiff filed this instant letter motion on Tuesday, June 6, mischaracterizing the events that have transpired and requesting unnecessary court intervention.

In light of the parties' ongoing efforts to reach a resolution regarding discovery and Plaintiff's now renewed request for mediation, Defendants respectfully request that the Court deny Plaintiff's request for a conference as premature, and allow the parties to meet and confer. In the event that issues persist, the parties will so advise the Court, and seek its assistance as appropriate.

We thank the Court for its time and attention to this matter.

Respectfully,

*/s/ Simi Bhutani*

Simi Bhutani of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All counsel of record (via ECF)