**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188                                             October 13, 2023
cklee@leelitigation.com

**Via ECF**
The Honorable Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York NY 10007

              Re:   *Charles v. Pinnacle Too, LLC et al*
                    Case No.: 1:22-cv-04232

Dear Judge Ho:

       We are counsel to Plaintiff and write to respectfully request that Your Honor deny Defendants' motion for a 45-day extension to complete fact discovery. Defendants' request and conduct demonstrate a pattern of dilatory actions and must not be rewarded.

*Defendants' request for extension demonstrates a pattern of procedural missteps*

       First, Defendants incorrectly addressed this dispute before Your Honor. As discovery has been referred to Magistrate Judge Jennifer E. Willis, Defendants' request to Your Honor is inappropriate.

       Second, Defendants had originally agreed to meet and confer about this issue today, but inexplicably submitted their letter to the Court last night even though they had agreed to allow Plaintiff until today to consider this request for extension.

       Third, Discovery was originally scheduled to conclude June 30, 2023. In light of the joint letter filed on April 17, 2023, requesting a discovery extension based on mediation prospects and "the opting-in of additional Plaintiffs," Judge Furman extended discovery to October 16, 2023.

       Fourth, on June 12, 2023, Judge Furman entered a further order admonishing the parties not to "expect an extension of the October 16, 2023 discovery deadline based on settlement efforts alone." The Parties ultimately failed to engage in any class mediation because Defendants refused to provide a mediation date after months of discussion, leading to its abandonment.

       Magistrate Judge Willis, in the discovery hearing on July 14, 2023 (which took place to resolve Defendants' failure to provide class data and deposition dates), also reminded the parties that she would adhere to Judge Furman's directive that there would be no further discovery extensions. Plaintiff cannot now agree to the extension of discovery, causing further extensive delay.

1

*Defendants show no good cause for extension*

Other than the named Plaintiff, Defendants had not requested any depositions for any other potential witnesses until October 10, 2023. Notice of depositions was not properly served, and notice was only provided by email. Potential opt-in plaintiffs were included in the lawsuit on January 10, 2023. Defendants' 10-month delay in scheduling depositions is inexcusable, particularly since the original joint letter by the parties seeking extension on April 17, 2023, specifically noted that the extension was to engage in discovery of opt-in Plaintiffs.

Defendants have made no basis or showing for good cause given the 10-month delay in scheduling depositions. Federal Rule of Civil Procedure 16(b) requires a district court to enter a scheduling order that sets a deadline for completion of discovery. Such schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The purpose of Rule 16(b) is 'to offer a measure of certainty in pretrial proceedings[.]'" *Stewart v Hudson Hall LLC*, 2021 US Dist LEXIS 18754, at *5 [S.D.N.Y. Feb. 1, 2021] (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000)).

The burden is on the movant to satisfy the good cause standard, by demonstrating "that it has been diligent in its efforts to meet the court's deadlines." *Id*. (Citing *Sec. & Exch. Comm'n v. Rio Tinto PLC*, No. 17 Civ. 7994 (AT) (DF), 2020 U.S. Dist. LEXIS 77067, 2020 WL 2504008, at *7 (S.D.N.Y. Mar. 9, 2020; *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)); *see Fresh Del Monte Produce Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014).

Here Defendants did not, and cannot, show that they have exercised, or even shown, the intention of meeting the deadline. Defendants had ample opportunity to pursue depositions during discovery but chose to wait until the last week to do it. Additionally, reaching out to Plaintiff a mere two days before the discovery deadline, if anything, "undermines any possible inference of good cause." *Id*. "The filing of a request for an extension on the final day of the time period does not . . . provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties…" *Bruce v. Cty. of Rensselaer,* 2003 U.S. Dist. LEXIS 19031, *6 (N.D.N.Y. Oct. 20, 2003). This is "the opposite of the diligence that must be shown to merit an extension of the fact discovery deadline." *Stewart*, 2021 US Dist LEXIS 18754, at *9-10.

*Defendants demonstrate a pattern of dilatory conduct*

Finally, Defendants deposed named Plaintiff on October 6, 2023. Although it took the entire day, there was 1 hour 46 minutes left. The parties agreed that the remaining time would be conducted over Plaintiff's further deposition scheduled for today. With 5 minutes left, I had to remind Defendants that they were running out of time, whereupon, Defendants then stated that they needed even more time, even though they have never sought an extension of the 7-hour limit for federal depositions. Defendants' failure to notify us that they intended to seek an extension of the 7-hour limit prior to the fact discovery deadline demonstrates a pattern of dilatory and inexcusable delay.

"Although Rule 16(b)(4) does not define "good cause," the Second Circuit has explained that its existence "depends on the diligence of the moving party." *Id*. The Court in *Stewart* further explains that "any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to 'secure the just, speedy, and inexpensive determination of every action' and Rule 26's mandate to limit the extent of discovery when 'the party seeking discovery has had ample opportunity to obtain the information' within the schedule set by the court.'" *Id*. (citing *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019)).

Plaintiff does not believe that Defendants should be allowed to delay their discovery for over a year and then request the Court for additional time to engage in depositions at the last twilight of fact discovery. Therefore, we respectfully request the Court deny Defendants' motion for an extension to extend fact discovery in its entirety.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.


cc:     The Honorable Magistrate Judge Jennifer E. Willis and all parties via ECF