UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEXLON CHARLES *et al.*,

                              Plaintiffs,                              **ORDER**

                      -against-                             22-cv-4232 (DEH) (JW)

PINNACLE TOO, LLC *et al.*,

                              Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Defendants Pinnacle Too, LLC, Agir Electrical, LTD, Antony Gironta, Frank Crum 6, Inc., and Frank Crum, Jr. argue that the Plaintiffs have failed to produce several items. Defendants request 1) notes Plaintiff Charles took during a virtual deposition, 2) Plaintiff Charles's unemployment records, and 3) emails, WhatsApp messages, and other texts sent from Plaintiff McIntosh to Defendants. Defendants now seek an extension of the discovery deadline, an order compelling Plaintiffs to produce the records, and for Plaintiffs "to provide an explanation as to what search efforts were made (if any) to locate responsive documents." Dkt. No. 131.

    On the other hand, Plaintiffs oppose an extension of the discovery deadline, claim that Defendants did not raise any dispute with the documents produced in November 2023 until March 2024, and argue that Plaintiffs have "already…provided documents and responses to Defendants' requests." Dkt. No. 132.

    **First**, Defendants seek notes taken during Plaintiffs' virtual deposition: "[d]espite Plaintiff's admission during his deposition that he had taken notes, he has

failed and refused to produce them." Dkt. No. 131. Defendants did not explain the relevance or importance of such notes. Plaintiffs did not address this item in their letter.

Rule 612(a)(1) and SDNY case law make clear that notes used to refresh a witness's recollection are discoverable. "Documents consulted or reviewed by a witness while testifying must be produced to the adverse party." See Jablonski v. Special Couns., Inc., No. 1:16-CV-05243 (ALC), Dkt. No. 245, (S.D.N.Y. Oct. 18, 2022)(citing Fed. R. Evid. 612(a)(1); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 637 (E.D.N.Y. 1997); and Thomas v. Euro RSCG Life, 264 F.R.D. 120, 122 (S.D.N.Y. 2010)). While Defendants have not articulated the exact relevance of these notes or how notes *taken during* a deposition fit into a rule designed for *preexisting* documents used to "refresh memory," Plaintiffs have not objected that the notes are privileged or otherwise fall outside the scope of Rule 612. Therefore, Plaintiffs must produce the notes by **June 24, 2024**.

**Second**, Defendants seek unemployment records from Plaintiff Charles. Defendants argue that the "documents are relevant as they bear directly on Plaintiff's damages/mitigation relating to his discrimination and sexual harassment claims. Although he testified that he is receiving unemployment benefits, he has failed and refused to produce such records." Dkt. No. 131. Plaintiffs counter that Defendants "had ample opportunity to raise this discovery dispute" but "chose to wait four months to use it as a tactic to further extend discovery and further drain Plaintiff's resources." Dkt. No. 133. As unemployment records are relevant to damages mitigation and the request was made prior to the close of discovery, the Plaintiffs must produce the requested unemployment records by **June 24, 2024**.

**Third**, on the requested phone and email records, Defendants argue that during the Parties' "meet and confer conference, counsel advised that Opt-In Plaintiff does not have any responsive documents, but that position is patently meritless in view of Opt-In Plaintiff's unambiguous testimony that he did in fact have the documents requested." Dkt. No. 131. Plaintiffs argue that the requests for phone records "are cumulative and aimed exclusively at burdening Plaintiffs, such as Defendants' requests for text messages that were sent to or from Defendants themselves." Dkt. No. 132. Plaintiffs also reiterated that "Plaintiff Charles and Opt-in Plaintiff McIntosh responded and produced any and all documents responsive to Defendants' requests that are in their possession." Dkt. No. 132.

To begin, for the Court "to conduct proceedings properly, it must be able to rely upon representations made on the record by attorneys licensed to practice before it." See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018). For this reason, this Court has previously denied requests for affidavits describing search efforts. See Yunjian Lin v. Grand Sichuan 74 St Inc., No. 15-CV-2950(JGLC)(JW), (S.D.N.Y. Oct. 2, 2023). Absent a strong reason to do otherwise, the Court generally takes Counsel's representations at face value.

However, here, there are reasons to require further explanation from the Plaintiffs. At the deposition, Plaintiff Mcintosh said that he applied for leave via email and, when asked, "Do you still have those emails?" said, "Yes, I do." See Dkt. No., 131-2 at 5. He was similarly asked, "Did you ever call your managers or text message them…?" He answered, "Yes, I text the manager…" When asked, "Do you still have that text message?" He responded, "well, I have to check the phone, if it's still there." Dkt. No. 131-2 at 6–7.

3

Thus, despite Plaintiffs' counsel's representations, there are reasons to believe that responsive documents are in the Plaintiffs' possession. Therefore, by **June 24, 2024**, counsel for Plaintiffs must either produce the records or submit a letter to the Defendants detailing why the requested emails and texts are no longer in Plaintiffs' possession.

In sum, Defendants' request for a short extension of the discovery deadline is **GRANTED until June 24, 2024,** but only for Plaintiffs to provide the requested notes, unemployment forms, emails, and phone records. No other discovery requests are permitted and no further extensions of the discovery deadline will be granted absent extraordinary purposes. The Parties shall provide a status update to the Court **by June 28, 2024.**

**The Clerk of the Court is respectfully requested to close Dkt. No. 131.**

SO ORDERED.

DATED:   New York, New York
          June 4, 2024

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge