UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEXLON CHARLES, *on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                  Plaintiffs,

- against -

PINNACLE TOO, LLC, d/b/a PINNACLE ELECTRIC, AGIR ELECTRICAL, LTD., d/b/a PINNACLE ELECTRIC, FRANKCRUM 6, INC., d/b/a FRANKCRUM, FRANK CRUM JR., and ANTONY GIRONTA,

                  Defendants.

Case No. 22-cv-04232 (DEH) (JW)

**DECLARATION OF SIMI BHUTANI, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS PINNACLE TOO, LLC, AGIR ELECTRICAL, LTD., AND ANTONY GIRONTA**

---

Simi Bhutani, an attorney duly admitted to practice before this Court, declares as follows under the penalty of perjury pursuant to 28 U.S.C § 1746:

1. I am an attorney admitted to practice before this Court and a partner at the law firm of Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), counsel for Defendants Pinnacle Too, LLC, Agir Electrical, LTD., and Antony Gironta (collectively, the "Pinnacle Defendants").

2. I am fully familiar with the facts stated herein and submit this declaration in support of LBBS' motion to withdraw as counsel of record for the Pinnacle Defendants.

3. LBBS was retained by the Pinnacle Defendants in or about January 2023.

4. Appearances were entered on behalf of the Pinnacle Defendants in this action by myself and my colleagues Elior D. Shiloh on January 30, 2023 and Dong Phuong Nguyen on February 6, 2023. By this motion, all of those attorneys as well as the firm seek leave to withdraw as defense counsel.

5. LBBS seeks to withdraw as counsel for the Pinnacle Defendants due to their failure to pay LBBS's invoices for legal fees and disbursements in connection with the defense of this

matter. As set forth below, a client's failure to pay legal fees constitutes satisfactory reasons for withdrawal under Local Rule 1.4.

6. To date, LBBS has expended a significant amount of time and resources in its representation of the Pinnacle Defendants in this matter. LBBS has, among other things, (1) taken and defended party and non-party depositions; (2) opposed Plaintiff's Motion for Class Certification and Motion for Final Collective Certification; (3) filed a Motion to Decertify the Conditionally Certified Class; (4) prepared and produced class discovery and post-deposition discovery; (5) appeared at multiple court conferences; and (6) prepared for and attended private mediation on February 6, 2025.

7. Currently, the Pinnacle Defendants owe a substantial sum to LBBS for attorneys' fees and costs that remain unpaid. The Pinnacle Defendants have failed and refused to make any arrangements to pay any of the outstanding invoices or to enter into a fee arrangement covering the case going forward that are acceptable to the firm.

8. If the Court so requires, LBBS will provide additional details regarding such fees and our communications with the Pinnacle Defendants regarding the collection of such fees, *in camera*, to protect attorney-client privilege.

9. We have advised C.K. Lee, Esq., counsel for Plaintiffs, of our intent to file this motion, and it is unknown whether he would oppose.

## ARGUMENT

**A.   Withdrawal is Proper in this Case Due to Defendants' Failure to Pay Legal Bills**

10. Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without

>   leave of court granted by order. Such an order may be granted only upon a showing
>   by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and
>   the posture of the case, including its position, if any, on the calendar.

11.    In determining whether to grant a motion to withdraw under Local Rule 1.4, courts in this District "look to New York Rules of Professional Conduct for guidance . . . ." *City Merchandise Inc. v. Tian Tian Trading Inc.*, No. 19-cv-09649, 2021 WL 119075 at *1, *5 (S.D.N.Y. Jan. 31, 2021) (internal quotations and citations omitted).

12.    "[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *de Jesus Rosario v. Mis Hijos Deli Corp.,* 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (quoting *Milltex Group Inc. v. Gossard & Berlei Ltd.*, 15-CV-10002 (RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)). New York Rule of Professional Conduct 1.16(c)(5) also allows an attorney to withdraw representation if "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

13.    No prejudice to any party will result from LBBS's withdrawal as counsel nor will it significantly delay the case. Fact discovery has ended, no court appearances have been scheduled, no substantive motion practice is currently pending, and no trial date has been set. If the Court grants the requested stay, the Pinnacle Defendants will have ample time to retain new counsel to protect their interests.

14.    LBBS is not asserting a retaining lien. LBBS will be asserting a charging lien.

15.    LBBS agrees to cooperate in the transition to new counsel.

16.    A copy of this motion is being served via e-mail and via Federal Express on the Pinnacle Defendants on the date of filing as well as the other parties.

17.    For the foregoing reasons, LBBS respectfully requests that the Court issue an order (1) allowing LBBS to withdraw as counsel of record for the Pinnacle Defendants; (2) staying the

case for 45 days following the entry of such order so the Pinnacle Defendants may retain new counsel; and (3) granting such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      February 12, 2025

                                            /s/ *Simi Bhutani*
                                              Simi Bhutani, Esq.