# EXHIBIT A

# **AGREEMENT**

The parties agree that the terms described herein are legally binding and shall be interpreted under the laws of the State of New York.

| | |
|---|---|
| Parties: | Defendants shall be Pinnacle Too, LLC, d/b/a Pinnacle Electric (erroneously identified as d/b/a Pinnacle Electric), Agir Electrical, Ltd., d/b/a Pinnacle Electric ("Agir"), Antony Gironta a.k.a. Anthony Gironta ("Gironta") (collectively, "Pinnacle Defendants"), FrankCrum 6, Inc. d/b/a FrankCrum and Frank Crum Jr. (collectively, "FrankCrum Defendants"). Plaintiffs shall be Antoine Evanson and Israel Richards. |
| Class Settlement Amount: | $860,000 paid by Agir and Gironta jointly and severally Agir and Gironta shall fund $20,000 on the first day of every month starting June 1, 2026 until the amount necessary to satisfy the liability on this settlement is paid. |
| | The Administrator shall hold any funds in escrow pending final approval of the Class settlement plus the expiration of all appeals. The Class Settlement Amount shall be distributed in the following order of priority following approval, and after the expiration of appeals: first to the Administrator (for balance of costs and expenses), then Plaintiffs' Counsel (for legal fees and expenses), and then to the Class. Any failure to timely pay in accordance with the schedule above shall result in the balance of the Class Settlement Amount being accelerated and due and owing immediately by Agir and Gironta, and a penalty of 15%, compounded monthly, or the highest legal interest rate in New York City, shall be assessed on the outstanding balance. No notice from Plaintiffs shall be required. |
| Administrator: | The Administrator shall be Arden Claims Service, LLC. Administration Fees of $150,000 shall be paid from the Class Settlement Amount, half of which will be funded by Agir and Gironta within 5 days of court order for Conditional Final Approval. Defendants will not contest the Administrator Fees. If the parties cannot agree on the form of class notices, timing of delivery of notices, SAFE forms, payments to Class Members, or other relevant terms, such terms shall be determined by the Administrator, who shall have reasonable discretion. Upon conditional approval of the settlement by the court, class members shall have a period of forty-five (45) days from the date of mailing of the class notices to opt-out or object to the settlement. All objections must be in writing and specify the basis for such objections and be received by the Administrator within forty-five (45) days of mailing of the class notice. The Administrator shall provide a final report detailing the |

1

|  |  |
|---|---|
|  | results of the class mailing. All notices shall be provided by mail, email, or text, as deemed most appropriate and cost effective by the Administrator. |
| Attorneys' Fees: | 1/3 of the Class Settlement Amount, plus an additional amount to reimburse costs and expenses, to Plaintiffs' counsel, subject to court approval.  Defendants will not contest the Attorneys' Fees and expenses. Attorneys' Fees and expenses shall be paid out of the Class Settlement Amount. |
| Service Awards: | Plaintiffs shall receive service award of $5,000 each. Defendants will not contest the Service Awards. Service Awards shall be paid out of the Class Settlement Amount. Upon receipt of the Service Awards, Plaintiffs release all claims against Defendants. |
| Class List: | Agir and Gironta agree to provide to the Administrator a class list in Excel program detailing the name, social security number, employment period, title, address, email and mobile telephone number, of each class member, to the extent such information is within the control, custody or possession of Agir, before February 28, 2026. If Agir and Gironta do not provide the class list before February 28, 2026, Agir and Gironta will be thereafter subject to a penalty of $1,000 per day. |
| Class Award: | After deduction of Administration Fees, Attorneys' Fees and Expenses, or any other costs and expenses relating to the class settlement, the balance shall be paid to Class members who do not opt out. All allocations to all eligible Class members shall be distributed on an equal pro rata basis. To avoid fraud, the Administrator may at its option require Class members to complete and submit a Secure Anti-Fraud Enrollment Form ("SAFE Form"), including provision of a W-9 tax form, which shall be dispatched by the Administrator to Class Members by no later than forty-five (45) days after final approval, or 60 days after Conditional Final Approval is effective, whichever is later ("Effective Date"), or any other date reasonably determined by Administrator. Class members must complete and submit a SAFE Form, and W-9 tax form for receipt by the Administrator within thirty (30) days of mailing by the Administrator. |
|  | Any residual unclaimed amounts from the Class Settlement Amount shall be distributed to a nonprofit devoted to the support, education and career training of mentally disabled adults or children, and will be designated by Plaintiffs' counsel. For the avoidance of doubt, no amount shall revert to Defendant ever. |

| | |
|---|---|
| Released Claims: | Wage and hour claims under federal and state laws for all current and former nonexempt employees (including but not limited to helpers, journeymen electricians, laborers, technicians, assemblers, among others), employed by Agir from May 23, 2016 to the date hereof ("Class members"), shall be released against Defendants, any of Defendants' past, present and future direct or indirect parent organizations, subsidiaries, divisions, affiliated entities, and their current and past partners, offices, directors, trustees, administrators, fiduciaries, executors, attorneys including but not limited to O'Hagan Meyer, employees, insurers including but not limited to Certain Underwriters at Lloyd's, London subscribing to Policy No. MR214961, reinsurers, and/or agents and their successors and assigns including but not limited to Frankcrum 6, Inc. d/b/a Frankcrum and Frank Crum Jr. (collectively, "Released Parties"). State law claims of Class Members shall be released as of the date hereof.  Federal claims will be released as of the date when settlement checks are deposited by Class members.  The settlement checks shall contain the following check endorsement language: "By endorsing this check, I consent to join the lawsuit, and I hereby settle and release Defendants and Released Parties from all wage and hour claims, including but not limited to any under the Fair Labor Standards Act and any other applicable New York State and/or New York City wage and hour law, rule, or regulation brought or which could have been brought in the litigation, whether known or unknown." |
| Class Size: | The class size shall be no more than 3,300 class members.  To the extent that the class size exceeds 3,300 persons, then the Class Settlement Amount shall be increased by a pro-rata share, i.e. every class member over 3,300 individuals shall increase the Class Settlement Amount by $257.57 per person.  For the avoidance of doubt, only employees employed prior to the date of execution of this Agreement are eligible to be Class members. |
| Tax: | IRS Forms 1099 shall also be issued to each Class member who receives a settlement check, including Plaintiffs. The Claims Administrator shall be responsible for preparing and filing all appropriate tax filings and reports, including but not limited to, the IRS Forms 1099 for the Class Award to the Class from the Class Settlement Amount, as well as any other payments made from the Class Settlement Amount. A 1099 shall be issued to Plaintiffs' counsel for tax reporting purposes for its fees and costs. Plaintiffs and Class members shall be responsible for the tax consequences of all payments received by them, for filing returns and reporting all income received to state and federal taxing authorities, and for payment of any other applicable taxes due. |

3

| | |
|---|---|
| Re-allocations: | Any amounts not approved by the court for Administration Fees, Attorney's Fees and costs, or any other costs and expenses of the settlement, shall be reallocated from the Class Settlement Amount for payment to Class members. |
| Good Faith: | The parties agree that an approval motion shall be filed within 30 days of the execution of this Agreement. The parties agree that Martin F. Scheinman, Esq. shall have arbitral authority over any conflicts arising from this legally binding Agreement. |
| Confidentiality: | The parties agree to keep the settlement confidential until the Class Settlement is filed. |
| Confirmatory Discovery: | The parties agree that Agir and Gironta will produce to Plaintiffs' counsel, confirmatory discovery, including financial records and tax returns of the three most recent tax filing years (for Agir and Gironta), and a call or an in-person meeting with Agir's and Gironta's accountant to demonstrate inability to pay. Such financial documentation shall not be publicly filed but may be submitted to the Court under seal. The Settlement shall be subject to Plaintiffs' counsel's comfort on Agir's and Gironta's inability to pay. Plaintiffs' counsel comfort will not be unreasonably withheld. |
| Referral to Magistrate: | The parties agree to refer this case to Magistrate Judge Jennifer E. Willis. |
| Single Step Approval Process: | Plaintiffs' counsel shall submit a motion for Conditional Final Approval using this Agreement and no further agreements shall be necessary. The Court will conditionally approve the settlement and final hearing will be required only if significant and valid objections are timely filed and the Court deems a subsequent in-person hearing necessary. An artificial hold date for such hearing may be docketed, but will proceed only upon judicial order. |
| CAFA: | To the extent necessary, Agir and Gironta shall be responsible for the timely mailing of all filings or notice under the Class Action Fairness Act, as amended. Agir and Gironta shall provide Plaintiffs' counsel with a copy of any such CAFA notice or filing concurrent with its distribution. |
| Endorsement: | Each Counsel affirms it has full authority to sign on behalf of the respective parties they represent. |

Agreed to by the parties as of January 15, 2026:

**For the Defendants PINNACLE TOO, LLC, AGIR ELECTRICAL, LTD. and ANTONY GIRONTA:**

By: _____
Dean Falavolito, Esq.
Elizabeth Del Cid, Esq.
O'HAGAN MEYER
229 West 36th Street, 8th Floor
New York, NY 10018


**For the Plaintiffs, FLSA Collective Plaintiffs and the Class:**

By: _____
C.K. Lee, Esq.
LEE LITIGATION GROUP, PLLC
148 West 24th Street, 8th Floor
New York, New York 10011

5